UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LILJEBERG ENTERPRISES, INC.                CIVIL ACTION

VERSUS                                     NO. 05-921

HOSPITAL CORPORATION OF                    SECTION "C" (3)
AMERICA, ET AL
                                           Bky. Case No. 93-10295
                                           Adv. No. 03-1178

                           ORDER AND REASONS

   IT IS ORDERED that the motion to review magistrate judge's order filed by Liljeberg Enterprises International, L.L.C. ("LEI") is DENIED. (Rec. Doc. 22). Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be denied for the following reasons.

   On August 24, 2005, Magistrate Judge Knowles denied LEI's motion for leave of court to file first supplemental and amended complaint, which included, for the first time, a demand for a jury trial. Under 28 U.S.C. § 636(b)(1)(A), "[a] judge of the of the court may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous

                                    1

or contrary to law." See also Fed. R. Civ. P. 72(a). The party challenging the order bears the burden of proof. <u>Garry v. Exxon Mobil Corp.</u>, 2004 WL 2347553 (E.D.La.)(J. Africk). A finding is clearly erroneous if, after reviewing the entire record, the district court " is left with the definite and firm conviction that a mistake has been committed. <u>Anderson v. City of Bessemer</u>, 470 U.S. 564 (1985); <u>Schlumbrecht v. Fidelity Homestead Assn.</u>, 2005 WL 525629 (E.D.La.)(J. Zainey).

As this Court has previously acknowledged, a motion to review is appropriate when a magistrate judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. <u>Fulford v. Transport Service Co.</u>, 2004 WL 744875 (E.D.La). It must defer to the magistrate's decision, may not merely substitute its own opinion for that of the magistrate, and may affirm on grounds other than those relied upon by the magistrate. <u>Kemp v. Metabolife International, Inc.</u>, 2004 WL 2095618 (E.D.La.).

A demand for a jury trial should be made "not later than 10 days after the service of the last pleading directed to such issue" under Fed. R. Civ. P. 38(a). Failure to meet this requirement results in waiver under Fed. R. Civ. P. 38(d). Where waiver occurs, Fed. R. Civ. P. 39(b) provides "in an action in

which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues."

The Fifth Circuit has recognizes the general principle that a motion under Rule 39(b) should be granted "'in the absence of strong and compelling reasons to the contrary.'" Farias v. Bexar County Bd. of Trustees, 925 F.2d 866 (5th Cir. 1991), quoting Mesa Petroleum Co. v. Coniglio, 629 F.2d 1022, 1029 (5th Cir. 1980).  However, denying such a motion is not an abuse of discretion when the failure to make a timely jury demand "results from mere inadvertence on the part of the moving party." Id., Lewis v. Thigpen, 767 F.2d 252, 257 (5th Cir. 1985); Fredieu v. Rowan Companies, Inc., 738 F.2d 651, 654 (5th Cir. 1984); Bush v. Allstate Insurance Co., 425 F.2d 393, 396 (5th Cir. 1970).

Here, LEI argues that it was precluded from asking for a jury until after the Court ruled on its motion for involuntary dismissal.  (Rec. Doc. 22, p. 7).  This is closely akin to one examined and rejected by the Fifth Circuit rejected in Farias, where the party demanded a jury after the court ruled on a motion to remand in order to avoid looking inconsistent.  "Farias offered no viable reasons for his delay and therefore we assume the delay resulted from mere inadvertence." Farias, 925 F.2d at 873.  "Farias easily could have filed his jury demand subject to

3

the court's ruling on his motion []. The fact that he did not do so is indicative of inadvertence." Farias, 925 F.2d at 873 fn6.

More recently, however, the Fifth Circuit apparently supplemented the analysis relative to the Court's discretion under Rule 39(b). In Daniel International Corp. v. Fischbach & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir. 1990), it looked to five factors previously recognized by other circuits as appropriate to a Rule 39(b) determination: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury.

The Court notes at the outset that it has some concern that the issue remaining for trial is triable by a jury. This matter was transferred from the bankruptcy court solely because of the death of Judge Brahney in order to alleviate some of the increased caseload pending the appointment of another bankruptcy judge. The issues remaining concern the entitlement of Leonard Levenson, APLC and Leonard L. Levenson (collectively "Levenson") to an attorney's fee, which turn on whether a real estate transaction was a settlement or a sale. It appears that under

4

28 U.S.C. § 157, this matter remains a core proceeding, and would have been triable before the bankruptcy court without a jury. In addition, Bankruptcy Rule 9015 provides for the application of Rules 38 and 39 to bankruptcy proceedings, and 11 U.S.C. §§ 327-330 provide rules governing professional fees, which are provided by the court.[1]  In any event, the issues regarding attorney's fees are traditionally tried without a jury in this Court's experience.  See also <u>SAS Overseas Consultants & Asia Trading and Contracting, Ltd. v. Offshore Consultants, USA, Ltd.</u>, 1998 WL 661475 (E.D.La. 1998)(J. Vance)(contract interpretation not best tried to a jury).

The second and third considerations, relating to whether allowing a jury trial would result in a disruption of the court's schedule or that of an adverse party and the degree of prejudice to the adverse party, do not lend strong support to LEI.  This litigation has been ongoing since 1993, and preparation for a jury trial on issues of contract interpretation and attorneys fees would differ from preparation for a nonjury trial.  Finally, the reason for the movant's tardiness in requesting a jury was rejected by the Fifth Circuit in <u>Farias</u> as not viable and

---

[1]  There is no dispute that Levenson was employed as counsel for LEI upon application granted by the late Judge Brahney, and his fee dispute raised on his 2003 application for compensation as special counsel for the debtor.

indicative of inadvertence.  It is equally unavailing here.

The Court is mindful that it must find that Magistrate Knowles's ruling was "clearly erroneous or contrary to law" for LEI to prevail.  Given the strength of its reasons for the late demand, this Court can find no error deserving of reversal.

Accordingly,

IT IS ORDERED that the motion to review magistrate judge's order filed by Liljeberg Enterprises International, L.L.C. ("LEI") is DENIED.  (Rec. Doc. 22).

New Orleans, Louisiana, this 16th day of December, 2005.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE